# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ZACHARY SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRUMAN ROAD DEVELOPMENT, LLC d/b/a NO OTHER PUB<br><br>Defendant. | Case No.: 4:18-cv-00670-NKL |

## DEFENDANT TRUMAN ROAD DEVELOPMENT, LLC D/B/A NO OTHER PUB'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES Defendant, Truman Road Development, LLC d/b/a No Other Pub ("No Other Pub"), by and through its attorneys Foland, Wickens, Roper, Hofer & Crawford, P.C and hereby files its Answer and Affirmative Defenses to the First Amended Petition filed by Plaintiff, Zachary Smith, individually and on behalf of all others similarly situated:

## PARTIES, JURISDICTION, AND VENUE

1. No Other Pub is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Amended Petition.

2. No Other Pub admits the allegations contained in Paragraph 2 of the First Amended Petition.

3. No Other Pub admits the allegations contained in Paragraph 3 of the First Amended Petition.

4. With respect to Paragraph 4 of the First Amended Petition, the allegation regarding jurisdiction is a legal conclusion, and therefore, No Other Pub is not required to

1

respond. To the extent a response is required, No Other Pub denies the allegations.

5. With respect to Paragraph 5 of the First Amended Petition, the allegation regarding venue is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies the allegations.

6. No Other Pub denies the allegations contained in Paragraph 6 of the First Amended Petition.

7. No Other Pub denies the allegations contained in Paragraph 7 of the First Amended Petition.

## **NATURE OF THE ACTION**

8. No Other Pub denies the allegations in Paragraph 8 of the First Amended Petition.

9. No Other Pub admits that it sent text messages; however, No Other Pub denies the remaining allegations of Paragraph 9, including the characterization of those messages made in Paragraph 9 and that its text messages violated the TCPA or any other statute.

10. No Other Pub denies the allegations in Paragraph 10 of the First Amended Petition.

11. No Other Pub denies the allegations in Paragraph 11 of the First Amended Petition.

12. No Other Pub denies the allegations in Paragraph 12 of the First Amended Petition, including all subsections contained therein.

13. No Other Pub denies the allegations in Paragraph 13 of the First Amended Petition.

14. No Other Pub admits that Plaintiff has brought this action on his own behalf and on behalf of a putative class, but No Other Pub denies that this case is suitable for class

2

treatment. No Other Pub further states that it did not violate the TCPA or any other statute and therefore, Plaintiff and the putative class are not entitled to injunctive relief or statutory damages.

## **THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, et seq.**

15. The allegation in Paragraph 15 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 15.

16. The allegation in Paragraph 16 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 16 to the extent inconsistent with law.

17. The allegation in Paragraph 17 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 17 to the extent inconsistent with law.

18. The allegation in Paragraph 18 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 18 to the extent inconsistent with law.

19. The allegation in Paragraph 19 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the

3

Case 4:18-cv-00670-NKL   Document 8   Filed 08/30/18   Page 3 of 19

allegations in Paragraph 19 to the extent inconsistent with law.

20. The allegation in Paragraph 20 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 20 to the extent inconsistent with law.

21. The allegation in Paragraph 21 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 21 to the extent inconsistent with law.

22. The allegation in Paragraph 22 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 22 to the extent inconsistent with law.

23. The allegation in Paragraph 23 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 23 to the extent inconsistent with law.

24. The allegation in Paragraph 24 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 24 to the extent inconsistent with law.

25. The allegation in Paragraph 25 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is

required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 25 to the extent inconsistent with law.

26. The allegation in Paragraph 26 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 26 to the extent inconsistent with law.

27. The allegation in Paragraph 27 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 27 to the extent inconsistent with law.

28. The allegation in Paragraph 28 of the First Amended Petition is a legal conclusion and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 28 to the extent inconsistent with law.

29. The allegation in Paragraph 29 of the First Amended Petition is a legal conclusion and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 29 to the extent inconsistent with law.

30. The allegation in Paragraph 30 of the First Amended Petition is a legal conclusion and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 30 to the extent inconsistent with law.

31. The allegation in Paragraph 31 of the First Amended Petition is a legal conclusion

and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 31 to the extent inconsistent with law.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

32. No Other Pub denies the allegations in Paragraph 32 of the First Amended Petition.

33. No Other Pub denies the allegations in Paragraph 33 of the First Amended Petition.

34. No Other Pub denies the allegations in Paragraph 34 of the First Amended Petition.

35. No Other Pub denies the allegations in Paragraph 35 of the First Amended Petition.

36. No Other Pub denies the allegations in Paragraph 36 of the First Amended Petition.

37. No Other Pub denies the allegations in Paragraph 37 of the First Amended Petition.

38. No Other Pub denies the allegations in Paragraph 38 of the First Amended Petition.

39. No Other Pub denies the allegations in Paragraph 39 of the First Amended Petition.

40. No Other Pub denies the allegations in Paragraph 40 of the First Amended Petition.

41. No Other Pub denies the allegations in Paragraph 41 of the First Amended

Petition.

42. No Other Pub denies the allegations in Paragraph 42 of the First Amended Petition, including all footnotes referenced therein.

43. No Other Pub denies the allegations in Paragraph 43 of the First Amended Petition.

44. No Other Pub denies the allegations in Paragraph 44 of the First Amended Petition.

45. No Other Pub denies the allegations in Paragraph 45 of the First Amended Petition.

46. No Other Pub denies the allegations in Paragraph 46 of the First Amended Petition.

### FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF SMITH

47. No Other Pub is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the First Amended Petition.

48. No Other Pub is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the First Amended Petition.

49. No Other Pub denies the allegations in Paragraph 49 of the First Amended Petition.

50. No Other Pub denies the allegations in Paragraph 50 of the First Amended Petition.

51. No Other Pub denies the allegations in Paragraph 51 of the First Amended Petition.

52. No Other Pub denies the allegations in Paragraph 52 of the First Amended

Petition.

53. No Other Pub denies the allegations in Paragraph 53 of the First Amended Petition.

54. No Other Pub is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the First Amended Petition.

55. No Other Pub denies the allegations in Paragraph 55 of the First Amended Petition.

## CLASS ACTION ALLEGATIONS

56. No Other Pub incorporates its responses to Paragraphs 1 through 55 as though fully set forth herein.

57. No Other Pub admits that Plaintiff has brought this action on behalf of himself and a putative class. No Other Pub denies the remaining allegations in Paragraph 57 of the First Amended Petition.

58. No Other Pub admits that Plaintiff has brought this action on behalf of himself and a putative class. No Other Pub denies the remaining allegations in Paragraph 58 of the First Amended Petition.

59. No Other Pub admits that Plaintiff has brought this action on behalf of himself and a putative class. No Other Pub denies the remaining allegations in Paragraph 59 of the First Amended Petition.

60. No Other Pub is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the First Amended Petition.

61. No Other Pub denies the allegations in Paragraph 61 of the First Amended Petition.

62. No Other Pub denies the allegations in Paragraph 62 of the First Amended Petition and all subsections therein.

63. No Other Pub denies the allegations in Paragraph 63 of the First Amended Petition.

64. No Other Pub denies the allegations in Paragraph 64 of the First Amended Petition.

65. No Other Pub denies the allegations in Paragraph 65 of the First Amended Petition.

## COUNT I
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

66. No Other Pub restates and incorporates its responses to Paragraphs 1 through 65 as though fully set forth herein.

67. No Other Pub denies the allegations in Paragraph 67 of the First Amended Petition.

68. No Other Pub denies the allegations in Paragraph 68 of the First Amended Petition.

69. No Other Pub denies the allegations in Paragraph 69 of the First Amended Petition.

70. No Other Pub denies the allegations in Paragraph 70 of the First Amended Petition.

71. No Other Pub denies the allegations in Paragraph 71 of the First Amended Petition.

72. No Other Pub denies the allegations in Paragraph 72 of the First Amended

Petition.

73. The allegation in Paragraph 73 of the First Amended Petition is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 73 to the extent inconsistent with law.

74. No Other Pub denies Plaintiff and the putative class are entitled to any requested relief as set forth in Paragraph 74 of the First Amended Petition.

## COUNT II
## VIOLATIONS OF THE TCPA, 47 C.F.R. § 64.1200(d)

75. No Other Pub restates and incorporates its responses to Paragraphs 1 through 74 as though fully set forth herein.

76. No Other Pub denies the allegations in Paragraph 76 of the First Amended Petition.

77. The allegations in Paragraph 77 contain legal conclusions and therefore No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 77 to the extent inconsistent with law.

78. No Other Pub denies the allegations in Paragraph 78 of the First Amended Petition.

79. No Other Pub denies the allegations in Paragraph 79 of the First Amended Petition.

80. No Other Pub denies the allegations in Paragraph 80 of the First Amended Petition.

81. No Other Pub denies the allegations in Paragraph 81 of the First Amended Petition and any footnotes referenced therein.

82. No Other Pub denies the allegations in Paragraph 82 of the First Amended Petition.

83. No Other Pub denies the allegations in Paragraph 83 of the First Amended Petition.

84. No Other Pub denies the allegations in Paragraph 84 of the First Amended Petition.

85. The allegations in Paragraph 85 contain legal conclusions and therefore No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 85 to the extent inconsistent with law.

86. No Other Pub denies Plaintiff and the putative class are entitled to any requested relief as set forth in Paragraph 86 of the Amended Petition.

## COUNT III
### VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2)

87. No Other Pub restates and incorporates its responses to Paragraphs 1 through 86 as though fully set forth herein.

88. No Other Pub denies the allegations in Paragraph 88 of the First Amended Petition.

89. No Other Pub denies the allegations in Paragraph 89 of the First Amended Petition.

90. No Other Pub denies the allegations in Paragraph 90 of the First Amended

11

Petition.

91. No Other Pub denies the allegations in Paragraph 91 of the First Amended Petition.

92. No Other Pub denies the allegations in Paragraph 92 of the First Amended Petition.

93. No Other Pub denies the allegations in Paragraph 93 of the First Amended Petition.

94. No Other Pub denies the allegations in Paragraph 94 of the First Amended Petition.

95. No Other Pub denies the allegations in Paragraph 95 of the First Amended Petition.

96. No Other Pub denies the allegations in Paragraph 96 of the First Amended Petition.

97. The allegation in Paragraph 97 is a legal conclusion, and therefore, No Other Pub is not required to respond. To the extent a response is required, No Other Pub denies it violated the TCPA or any other statute and further denies the allegations in Paragraph 97 to the extent inconsistent with law.

98. No Other Pub denies Plaintiff and the putative class are entitled to the requested relief as set forth in Paragraph 98 of the Amended Petition.

## **JURY DEMAND**

No Other Pub admits that Plaintiff has requested a jury trial as set forth in the First Amended Petition.

## AFFIRMATIVE DEFENSES

By way of further response, No Other Pub asserts and alleges the following Affirmative Defenses to Plaintiff's First Amended Petition.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No Other Pub had prior express consent, permission, invitation or an inquiry to send any text messages it sent, including to Plaintiff and/or the putative class members.

### THIRD AFFIRMATIVE DEFENSE

No Other Pub had an established business relationship with the recipients of any text messages, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against No Other Pub must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lacks standing to assert the claims in the First Amended Petition.

### FIFTH AFFIRMATIVE DEFENSE

No Other Pub alleges that at all times mentioned in the First Amended Petition, No Other Pub acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, No Other Pub acted in good faith in the honest belief that the acts, conduct and communications, if any, of No Other Pub were justified under the circumstances based on information reasonably available to No Other Pub.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred by the applicable Statute of Limitations.

### EIGHTH AFFIRMATIVE DEFENSE

No Other Pub alleges that the award of statutory penalties against No Other Pub would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against No Other Pub are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### TWELFTH AFFIRMATIVE DEFENSE

No Other Pub alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which No Other Pub detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against No Other Pub.

## THIRTEENTH AFFIRMATIVE DEFENSE

No Other Pub alleges that Plaintiff and/or the putative class has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the First Amended Petition.

## FOURTEENTH AFFIRMATIVE DEFENSE

No Other Pub alleges that Plaintiff and the putative classes are not entitled to any relief because No Other Pub's conduct did not proximately cause any damages, injury or loss to Plaintiff or any absent class member.

## FIFTEENTH AFFIRMATIVE DEFENSE

No Other Pub alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against No Other Pub respecting the matters that are the subject of the First Amended Petition.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against No Other Pub are barred because the text messages that are the subject of the First Amended Petition constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on No Other Pub for such text messages would violate its First Amendment rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred because No Other Pub did not engage in willful and/or knowing misconduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

No Other Pub did not send unsolicited text messages to Plaintiff and/or putative class members.

### NINETEENTH AFFIRMATIVE DEFENSE

No Other Pub is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom No Other Pub exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative classes are not entitled to relief under 47 C.F.R. § 64.1200(d) because there is no private right of action under this regulation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5) because No Other Pub did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against No Other Pub are barred, in whole or in part, because No Other Pub maintained and followed written TCPA procedures and any text message sent to someone on a do-not-call list was made in error.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class member failed to mitigate alleged damages, including by

failing to revoke consent to receive text messages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Under circumstances, claims on behalf of the putative class members are subject to arbitration provisions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

No Other Pub is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding No Other Pub's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

No Other Pub established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

No Other Pub states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. No Other Pub reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, No Other Pub prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his First Amended Petition;

2. That judgment be entered against Plaintiff and in favor of No Other Pub;

3. That No Other Pub recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant No Other Pub such other and further relief as it deems just and proper.

Respectfully submitted,

**FOLAND, WICKENS, ROPER, HOFER & CRAWFORD, P.C.**

*/s/ Jacqueline M. Sexton*
W. James Foland, MO Bar # 25022
Jacqueline Sexton, MO Bar # 53262
1200 Main Street, Suite 2200
Kansas City, MO 64105
Telephone: (816) 472-7474
Facsimile: (816) 472-6262
Email: jfoland@fwpclaw.com
jsexton@fwpclaw.com
**Attorneys for Defendant**
**Truman Road Development d/b/a**
**No Other Pub**

Of Counsel:
Lauri A. Mazzuchetti (*pro hac vice to be submitted*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com
**Attorneys for Defendant**
**Truman Road Development d/b/a**
**No Other Pub**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 30th day of August, 2018, the foregoing was sent via electronic and First Class mail to counsel for Plaintiff:

Aristotle N. Rodopoulos
Wood Law Firm LLC
1100 Main Street
Suite 1800
Kansas City, MO 64105
ari@woodlaw.com

William Charles Kenney
Bill Kenney Law Firm LLC
1100 Main Street
Suite 1800
Kansas City, MO 64105
bkenney@billkenneylaw.com
**Attorneys for Plaintiffs**

*/s/ Jacqueline M. Sexton*
**Attorney for Defendant
Truman Road Development, LLC d/b/a
No Other Pub**