# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

ZACHARY SMITH and
BRIAN KAGARICE, individually and
on behalf of all others similarly situated,

           *Plaintiffs*,

vs.

TRUMAN ROAD DEVELOPMENT, LLC
d/b/a NO OTHER PUB
f/k/a KANSAS CITY SPORTING AND
SOCIAL CLUB, LLC, et al.,

           *Defendants*.

Case No.:   4:18-cv-670-NKL

Hon. Nanette K. Laughrey

## PLAINTIFFS' CONSENT MOTION TO EXTEND BRIEFING DEADLINES REGARDING DEFENDANTS' MOTION TO DISMISS

Plaintiffs Zachary Smith and Brian Kagarice ("Plaintiffs"), by and through their undersigned counsel, hereby respectfully move the Court for an Order extending Plaintiffs' deadline to file their Suggestions in Opposition to Defendants' Motion to Dismiss (dkt. 63) until June 25, 2019, (i) to align their response deadline with the deadline for the United States Attorney's Office to intervene in response to Defendants' constitutional challenge (dkt. 65), and (ii) to allow the time required to complete necessary discovery regarding the issues and arguments raised in Defendants' motion to dismiss. After conferring, Defendants did not oppose the request, and asked that they be allowed their own extension to file Suggestions in Reply on July 16, 2019, to account for the Fourth of July holiday In support of the instant Motion, Plaintiffs state as follows:

1.      Plaintiffs filed their Second Amended Complaint in this matter on March 26, 2019. (Dkt. 54.) On April 18, 2019, Plaintiffs propounded their first set of written discovery

requests on Defendants The Cordish Companies, Inc. ("Cordish") and Entertainment Consulting International, LLC ("ECI"). Plaintiffs later agreed to Cordish and ECI's request to extend their deadlines to respond to the outstanding discovery. Plaintiffs expect to receive written responses on May 28, 2019, and document production shortly thereafter.

2.      Defendants filed their Motion to Dismiss on April 26, 2019. (Dkt. 63.) That same day, Defendants Cordish and ECI filed motions to dismiss in four other matters in which Plaintiffs' counsel here has been retained to represent the named-plaintiffs and putative classes.

3.      Since then, Plaintiffs and their counsel have diligently worked to prepare the suggestions in opposition to the arguments raised in Defendants' motions to dismiss in each matter, while at the same time pressing forward with both party and third-party discovery across the cases as well. But as noted above, Plaintiffs have not yet had the benefit of obtaining and reviewing any documents or other information that are to be produced by ECI and Cordish.

4.      As it relates to the specific arguments raised in the pending motion to dismiss this case, Plaintiffs reasonably anticipate that documents and other information produced by Defendants ECI and Cordish will be relevant to opposing Defendants' request for dismissal on the basis of a supposed lack of personal jurisdiction. For example, Plaintiffs understand that in other similar matters, communications have been produced between Defendants ESI and Cordish and bars within the Kansas City Power & Light District—like No Other Pub—related to the bars' marketing and texting practices, as well as documents reflecting ECI and Cordish's in-state activities, which Plaintiffs contend necessarily speak to Defendants' connections to the forum state.

5.      In addition, Plaintiffs are awaiting receipt of the transcripts of depositions of Tara Knipp, Kyla Bradley, and Kyle Uhlig, taken on May 14, 2019, in connection with this matter and

2

which they anticipate relying upon here in opposing the motion to dismiss. In particular, and without breaking any confidentiality designations asserted as to the testimony, these witnesses discussed Defendants' relevant business activities as they relate to the issues in this case and in this state.

6. The requested extension is necessary to afford Plaintiffs a meaningful opportunity to receive and review these materials and to allow them to incorporate relevant information into their forthcoming suggestions. In addition, it would allow them the opportunity to propound any additional limited jurisdictional discovery requests that may be necessary to appropriately test Defendants' arguments regarding personal jurisdiction, but only to the extent Defendants' initial responses are insufficient to do so.[1]

7. Absent an extension, Plaintiffs will be forced to file their suggestions on these important issues without an opportunity to review any documents or other information that is expected to be produced in discovery—through no fault or lack of diligence of their own—and will instead have to later seek leave of the Court to obtain any additional discovery and supplement their suggestions *after* they have filed them. This would likely delay the ultimate ruling on the motion to dismiss and require additional briefing, and party and judicial resources.

8. The requested extension, on the other hand, will ensure that all necessary discovery takes place before filing, and that the Parties and the Court have the benefit of that information when analyzing the issues. But importantly, the proposed extension would not

---

[1] Plaintiffs make this point given that there were no pending jurisdictional challenges at the time they propounded his first sets of written discovery and thus the discovery was not specifically tailored to address the precise jurisdictional challenges in Defendants' motion. That said, Plaintiffs anticipate that Defendants' forthcoming productions will be sufficiently responsive to the issues. And if that isn't the case, Plaintiffs anticipate that the Parties will be able to work cooperatively and efficiently to secure the production of any additional relevant information, whether through further written discovery requests and responses or otherwise.

3

unnecessarily prolong the briefing schedule on the pending motion nor otherwise disrupt the orderly progression of the case within the schedule currently in place. Indeed, the United States Attorney's Office's deadline to intervene in response to Defendant's Notice of Constitutional Challenge pursuant to Fed. R. Civ. P. 5.1 is currently set for June 25, 2019. (*See* dkt. 65.) The proposed extension will simply align Plaintiffs' response deadline with the government's deadline, while not otherwise affecting any deadlines in the Scheduling Order (dkt. 62).

9.      Prior to filing the instant motion, Plaintiffs' counsel conferred with counsel for the Defendants, and is authorized to state that Defendants do not oppose the requested relief, and in fact requested their own short extension to file their reply suggestions to July 16, 2019 in light of the July 4 holiday.

10.     This is the second extension that the Parties have requested with respect to briefing on the motion to dismiss. The Parties previously jointly requested an extension to the briefing deadlines in this matter on May 8, 2019, which the Court granted. (Dkt. 70.) Plaintiffs submit that this request is similarly made in good faith, not for any improper purpose, and before any deadlines have come to pass.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order extending the deadline to file their Suggestions in Opposition to Defendants' Motion to Dismiss to June 25, 2019, the same day as the government's deadline to intervene in response to Defendants' constitutional challenge, and extending Defendants' deadline to file their Reply Suggestions in Support of their Motion to July 16, 2019.

Respectfully submitted,

Dated: May 17, 2019

 /s/ *Michael Ovca*

William C. Kenney    Mo. Bar No. 63001
**Bill Kenney Law Firm, LLC**
1100 Main Street, Suite 1800
Kansas City, MO 64105
Telephone: (816) 842-2455
Facsimile: (816) 474-8899
*bkenney@billkenneylaw.com*

Eve-Lynn J. Rapp (*pro hac vice*)
Brandt Silver-Korn (*pro hac vice*)
**Edelson PC**
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 234-5262
Facsimile: (415) 373-9435
*erapp@edelson.com*
*bsilverkorn@edelson.com*

Benjamin H. Richman
(*pro hac vice*)
Sydney Janzen (*pro hac vice*)
Michael Ovca (*pro hac vice*)
**Edelson PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*brichman@edelson.com*
*sjanzen@edelson.com*
*movca@edelson.com*

*Attorneys for Plaintiff and*
*all others similarly situated*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on May 17, 2019, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record.

 /s/ Michael Ovca
Michael Ovca